Per Curiam.
The learned counsel for the appellant claims that by virtue of the statute of New Jersey that has been cited, Eliza F. Wuesthoff had no power to exercise any authority over the estate of the minors. On the assumptions made in this action on behalf of the minors, they had an interest in the policy, and the policy was part of their estate. Eliza F. Wuesthoff exercised authority over the policy, claiming to be the owner of it, and giving *218 ' in the course of making that claim, the only notice and proof of death that have been given to the defendants. Under the terms of the policy, the plaintiff, to recover, was bound to prove that there had been made the notice and proof of death intended by the policy to be a condition precedent to the obligation of the company to pay.
The plaintiffs take the position that the proof and notice of death that were given, inure to their benefit in this action. Without this, there would be no proof of the performance of the condition precedent referred to. If, however, they take the advantage of the notice, they must take it as it was in fact, by affirming the relations in which it was given, viz.: as a notice given by Eliza, as guardian under the will, exercising authority over the minors’ estate. When this exercise of authority over the policy as owner is affirmed, the consequence in its payment must also be affirmed (The Farmers Loan & Trust Co. v. Walworth, 1 N. Y. 433, and cases cited). The principle is like that that prevents a partial ratification of an agent’s acts (Story Agency, § 250).
If the notice given was not given in behalf of the plaintiffs, then, in favor of the defendants, who were entitled to notice given by or on behalf of those who were entitled to receive payment of the policy, the notice intended by the policy has not been given, for the plaintiffs cannot ratify a notice not given in their behalf (Hamlin v. Sears, 82 N. Y. 331 ; Story Agency, §§ 251 a, 246, 241).
Judgment affirmed, with costs.